PRISONER'S CIVIL RIGHTS COMPLAINT (Rev. 05/2015)

United States Courts
Southern District of Texas
**FILED**

IN THE UNITED STATES DISTRICT COURT
FOR THE __SOUTHERN__ DISTRICT OF TEXAS
__HOUSTON__ DIVISION

JUN 25 2020

David J. Bradley, Clerk of Court

__Elijah Burke Swallow #2100152__
Plaintiff's Name and ID Number

__Coffield Unit - T.D.C.J. -CID__
Place of Confinement

CASE NO._____
(Clerk will assign the number)

v. __Sheriff Ed Gonzalez__
__1019 Congress, 15th Floor__
__Houston, Texas 77002__
Defendant's Name and Address

__John Doe - Official__
__1200 Baker Street__
__Houston, TX 55002__
Defendant's Name and Address

_____
Defendant's Name and Address
( DO NOT USE "ET AL.")

---

### INSTRUCTIONS - READ CAREFULLY

**NOTICE:**

**Your complaint is subject to dismissal unless it conforms to these instructions and this form.**

1. To start an action you must file an original and one copy of your complaint with the court. You should keep a copy of the complaint for your own records.

2. Your complaint must be legibly handwritten, in ink, or typewritten. You, the plaintiff, must sign and declare under penalty of perjury that the facts are correct. If you need additional space, **DO NOT USE THE REVERSE SIDE OR BACKSIDE OF ANY PAGE.** ATTACH AN ADDITIONAL BLANK PAGE AND WRITE ON IT.

3. You must file a separate complaint for each claim you have unless the various claims are all related to the same incident or issue or are all against the same defendant, Rule 18, Federal Rules of Civil Procedure. Make a short and plain statement of your claim, Rule 8, Federal Rules of Civil Procedure.

4. When these forms are completed, mail the original and one copy to the clerk of the United States district court for the appropriate district of Texas in the division where one or more named defendants are located, or where the incident giving rise to your claim for relief occurred. If you are confined in the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID), the list labeled as "VENUE LIST" is posted in your unit law library. It is a list of the Texas prison units indicating the appropriate district court, the division and an address list of the divisional clerks.

**FILING FEE AND *IN FORMA PAUPERIS* (IFP)**

1. In order for your complaint to be filed, it must be accompanied by the statutory filing fee of $350.00 plus an administrative fee of $50.00 for a total fee of **$400.00**.

2. If you do not have the necessary funds to pay the fee in full at this time, you may request permission to proceed *in forma pauperis*. In this event you must complete the application to proceed *in forma pauperis*, setting forth information to establish your inability to prepay the fees and costs or give security therefor. You must also include a current six-month history of your inmate trust account. If you are an inmate in TDCJ-CID, you can acquire the application to proceed *in forma pauperis* and the certificate of inmate trust account, also known as *in forma pauperis* data sheet, from the law library at you prison unit.

3. The Prison Litigation Reform Act of 1995 (PLRA) provides "... if a prisoner brings a civil action or files an appeal *in forma pauperis,* the prisoner shall be required to pay the full amount of a filing fee." *See* 28 U.S.C. § 1915. Thus, the court is required to assess and, when funds exist, collect, the entire filing fee or a initial partial filing fee and monthly installments until the entire amount of the filing fee has been paid by the prisoner. If you submit the application to proceed *in forma pauperis*, the court will apply 28 U.S.C. § 1915 and, if appropriate, assess and collect the entire filing fee or an initial partial filing fee, then monthly installments from you inmate trust account, until the entire $350.00 statutory filing fee has been paid. (The $50.00 administrative fee does not apply to cases proceeding *in forma pauperis.)*

4. If you intend to seek *in forma pauperis* status, do not send your complaint without an application to proceed *in forma pauperis* and the certificate of inmate trust account. Complete all essential paperwork before submitting it to the court.

**CHANGE OF ADDRESS**

It is your responsibility to inform the court of any change of address and its effective date. Such notice should be marked "**NOTICE TO THE COURT OF CHANGE OF ADDRESS**" and shall not include any motion for any other relief. Failure to file a NOTICE OF THE COURT OF CHANGE OF ADDRESS may result in the dismissal of your complaint pursuant to Rule 41(b), Federal Rules of Civil Procedure.

I. PREVIOUS LAWSUITS:
   A. Have you filed *any* other lawsuit in state or federal court relating to your imprisonment? ✓ YES ___ NO
   B. If your answer to "A" is "yes", describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, giving the same information.)
   1. Approximate date of filing lawsuit: March 29, 2019
   2. Parties to previous lawsuit:
      Plaintiff(s) Elijah Burke Swallow
      Defendant(s) Ed Gonzalez, John Doe #1, John Doe #2
   3. Court: (If federal, name the district; if state, name the county.) HARRIS COUNTY
   4. Cause number: 2019-22593
   5. Name of judge to whom case was assigned: Kyle Carter
   6. Disposition: (Was the case dismissed, appealed, still pending?) unknown
   7. Approximate date of disposition: N/A

Rev. 05/15

II. PLACE OF PRESENT CONFINEMENT: Coffield Unit -T.D.C.J-CID

III. EXHAUSTION OF GRIEVANCE PROCEDURES:

Have you exhausted all steps of the institutional grievance procedure?  ✓ YES __ NO

Attach a copy of your final step of the grievance procedure with the response supplied by the institution.

IV. PARTIES TO THIS SUIT:

A. Name and address of plaintiff: Elijah Burke Swallow #2100152 Coffield Unit- 2661 FM 2054 Tennessee Colony, Texas 75884

B. Full name of each defendant, his official position, his place of employment, and his full <u>mailing</u> address.

Defendant #1: Sheriff Ed Gonzalez, 1019 Congress 15th Floor, Houston, Texas 77002

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

Failing to Protect an Offender from being Sexual Abuse by another offender

Defendant #2: John Doe - Official, 1200 Baker Street, Houston, Texas 77002

Briefly describe the acts(s) or omission(s) of this defendant which you claimed harmed you.

Failing To Reported or Act after Inmate Sexual Assault

Defendant #3: _____

Briefly describe the acts(s) or omission(s) of this defendant which you claimed harmed you.

Defendant #4: _____

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

Defendant #5: _____

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

Rev. 05/15

3

V. STATEMENT OF CLAIM:

State here in a short and plain statement the facts of your case, that is, what happened, where did it happen, when did it happen, and who was involved. Describe how <u>each</u> defendant is involved. <u>You need not give any legal arguments or cite any cases or statutes.</u> If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach extra pages if necessary, but remember the complaint must be stated briefly and concisely. IF YOU VIOLATE THIS RULE, THE COURT MAY STRIKE YOUR COMPLAINT.

On or about the month of October 2018, I was housed at Harris County Jail, while under the supervision of Defendant Ed Gonzalez and Defendant John Doe whom failed to protected my person from becoming an victim of Sexual Assault by another offender whom came into my personal cell assigned to me by Harris County Classification Committee. During this time was approximately 6:00 A.m. Morning Shift were my loss of liberty in Life was deprived from me by another

VI. RELIEF:

State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.

Compensatory Damages $5,000,000.00; Punitive Damage $1,450,000.00 by each Defendant's, and Any Special Awards

VII. GENERAL BACKGROUND INFORMATION:

A. State, in complete form, all names you have ever used or been known by including any and all aliases.

Q-Daddy

B. List all TDCJ-CID identificaiton numbers you have ever been assigned and all other state or federal prison or FBI numbers ever assigned to you.

N/A

VIII. SANCTIONS:

A. Have you been sanctioned by any court as a result of any lawsuit you have filed? ___ YES ✓ NO

B. If your answer is "yes," give the following information for every lawsuit in which sanctions were imposed. (If more than one, use another piece of paper and answer the same questions.)

   1. Court that imposed sanctions (if federal, give the district and division): N/A
   2. Case number: N/A
   3. Approximate date sanctions were imposed: N/A
   4. Have the sanctions been lifted or otherwise satisfied? ___ YES ✓ NO

Rev. 05/15

C. Has any court ever warned or notified you that sanctions could be imposed? ____ YES ✓ NO

D. If your answer is "yes," give the following information for every lawsuit in which a warning was issued. (If more than one, use another piece of paper and answer the same questions.)

   1. Court that issued warning (if federal, give the district and division): N/A
   2. Case number: N/A
   3. Approximate date warning was issued: N/A

Executed on: 6-22-20
DATE

Elijah Burke Swallow
Elijah Swallow
(Signature of Plaintiff)

## PLAINTIFF'S DECLARATIONS

1. I declare under penalty of perjury all facts presented in this complaint and attachments thereto are true and correct.
2. I understand, if I am released or transferred, it is my responsibility to keep the court informed of my current mailing address and failure to do so may result in the dismissal of this lawsuit.
3. I understand I must exhaust all available administrative remedies prior to filing this lawsuit.
4. I understand I am prohibited from brining an *in forma pauperis* lawsuit if I have brought three or more civil actions or appeals (from a judgment in a civil action) in a court of the United States while incarcerated or detained in any facility, which lawsuits were dismissed on the ground they were frivolous, malicious, or failed to state a claim upon which relief may be granted, unless I am under imminent danger of serious physical injury.
5. I understand even if I am allowed to proceed without prepayment of costs, I am responsible for the entire filing fee and costs assessed by the court, which shall be deducted in accordance with the law from my inmate trust account by my custodian until the filing fee is paid.

Signed this __22__ day of __June__, 20 __20__.
         (Day)              (month)           (year)

Elijah Burke Swallow
Elijah Swallow
(Signature of Plaintiff)

**WARNING: Plaintiff is advised any false or deliberately misleading information provided in response to the above questions may result in the imposition of sanctions. The sanctions the court may impose include, but are not limited to, monetary sanctions and the dismissal of this action with prejudice.**

Rev. 05/15

I. PREVIOUS LAWSUITS:

1. Have you filed any other lawsuit in state or federal court relating to your imprisonment? _X_ Yes ___ No

3. 1. November 6, 2017
   2. Plaintiff: Elijah Burke Swallow
      Defendant's: Jeff. Co. Corr. Facility,
   3. Eastern District of Texas, Beaumont Division
   4. 1:17cv473
   5. Clark-Giblin
   6. still pending
   7. N/A

I. PREVIOUS LAWSUITS:

1. Have you filed any other lawsuit in state or federal court relating to your imprisonment? _X_ Yes ___ No

3. 1. March 22, 2018
   2. Plaintiff: Elijah Burke Swallow
      Defendant(s): JCCF et al.
   3. Eastern District of Texas, Beaumont Division
   4. 1:18cv133
   5. Heartfield-Hawthorn
   6. still pending
   7. N/A

I. PREVIOUS LAWSUITS:

A. Have you filed any other lawsuit in state or federal court relating to your imprisonment? _X_ Yes ___ No

1. July 24, 2019
2. Plaintiff(s): Elijah Burke Swallow and Derrick Pipkin
   Defendant(s): Ed Gonzalez
3. Southern District of Texas, Houston Division
4. 4:19cv3193
5. Ewing Werlein Jr.
6. Dismissed
   (November 12, 2019 and January 9, 2020)

offender whom had (NO RIGHT) inside my cell.

Whereas, I was assigned to a cellblock located in 701 North San Jacinto, Houston, Texas 77002-1217, cell number (I cant remember); When I was allowed out of my cell to assist another offender who normally clean the dorm area, (as an Helper.) Once allowed out-of-cell, I helped clean the dorm; I notice someone (who soon became my attacker) looking at me, while cleaning the dorm. (I, previous about a week before this happen told this same offender, to stay away from me: Because I was not interest in hes him);. After cleaning the dorm I was allow to take a shower, before regular timeframe. After, leaving shower area and returning to my cell, this same offender enter my cell and threaten to cause more serious harm than he already was going to enjoy. I protest by telling this offender (name I don't rememb er) to leave. (Already aware that something serious was about to happen), I became FROZE. My attacker begin touching me against my will. After unable to yell due to (Fear of Dying), the offender started playing with himself then advancing towards my genital and placing his finger around the top of my anus

2-

still unable to do anything against this abuse the attacker begin masturbating himself and me at the same time. The only reason nothing else occurred because other offender begin waking up and the lights turned on. My attacker immediate lefted but before leaving cell threaten to kill me if anyone found out.

I, was in Fear, so I remain inside my cell with the door locked. At about 9:00Am approximately I was called out to recieve mail from the Texas Association Against Sexual Assaut. Regarding a similar matter that occurred in '2015 at Jefferson County Correctional Facility - Beaumont, TX. At, that time I worked up enough courage to Break The Silence; So I reported what happen to the Officer (name unknown: Who is listed as Defendant John Doe)(until Discovery Package is order by the Courts). This officer on duty became aware of the Sexual Assault caused by another offender against my person and failed to report said Abuse to anyone on Shift, but instead "told" me, to go inside my cell and (Lock The Door) until (he) officer finish his Report regarding this matter that I just informed occurred. But instead of the officer reporting said Sexual Abuse caused by another

-3-

offender, He neglected his duty which (PREA), passed by Congress in 2003 for all Facility to establish to protected all prisoners from any more substantial risk and violated HCSO policy by Failing-to-Protect, from more Risk.

After, the officer on duty refuse to assistance with my Plead Fore Help. I then spoke with a few offender's inside the Dorm for Help, So one of the offender's next door to me filled out an (I-60), and turned it in for me (without) placing my attacker attending toward me, once I was removed from Dorm.

Therefore, I was removed from the Dangerous Situation by the next shift and Treated by protocol of (PREA) regulation.

I then proceed with Filing The Grievance Report and Then prceeding with my claim with the (125th District Court) Cause No 2019-22593; State Court. Who have Failed to Notify of any other process regarding my claim after Docket Control Order was assigned on January 31, 2020 and Trial February 16, 2020. So, I then took it upon myself to redress

4-

my claim with the 42 U.S.C. § 1983, before my (2) years became barred.

Defendant (John Doe) was an officer employed by Harris County Sheriff's Office:
Who was notified of my Sexual Assualt caused by another offender and refused to acted according to the (PREA) protocol and policy relate to Mission Statement T.) Sexual Abuse Information pg. 58 of Inmate Handbook provide by HCSO (Revision Date August 2017). Defendant John Doe, place my life at yet another stage of Risk, when becoming aware of my abuse and did nothing to protect my Life.

Defendant Ed Gonzalez who was Sheriff over Harris County Sheriff's Office at the time of my Sexual Assault.
Fail-to-Protect, when the constitute act against 42 U.S.C. § 15602, occurred under his authority, as Sheriff to ensure the safety of each offender is handle appropriately. Sheriff Ed Gonzalez also knew that I was a member of the LGBT community and had knowledge that I have been Sexually Abuse before in '2015 from another Facility, By HCSO computer records which he have access to all offenders information. Therefore he encourage violently attack

and during everything under his power to avoid taking Full Responsibilities for the act's of his officer's and his own duty to Protected offender's from being Victimized.

Each Defendant(s) in this cause are being sued in their Individually Capacity.

Plaintiff, Elijah Burke Swallow #2100152, respectfully enclosed an copy of the Cause No. 2019-22593 Original Petition Of Suit, which he filed with the (District Court of Harris County, Texas 125th Judicial District); Judge Kyle Carter on March 25, 2019; as proof of still pending cause of action in State Court.

Also, enclosed is Docket Control Order from the 125th Judicial Court.

Respectfully Submitted,
Elijah Swallow

P. 6

2019 22593

FILED
MARILYN BURGESS
DISTRICT CLERK
HARRIS COUNTY, TEXAS
2019 MAR 27 PM 12:46

CAUSE NO. _____

ELIJAH BURKE SWALLOW,
                    PLAINTIFF

VS.

ED GONZALEZ;
JOHN DOE;
JOHN DOE,
                    DEFENDANT

IN THE DISTRICT
125th COUNTY COURT
OF HARRIS, COUNTY TEXAS

CIVIL ACTION

## ORIGINAL PETITION OF SUIT

THEREFORE, SAID MOTION has been filed before Said DISTRICT COUNTY COURT to set forward JUSTICE for the "PRO SE" Plaintiff, Elijah Burke Swallow.

I, PLAINTIFF, hereby stated in brief (SUMMARY) regarding each matter within this "CIVIL ACTION".

HEREUPON; "PRO SE" (CIVIL ACTION) against each Defendant listed on Complaint. I, Elijah Burke Swallow; request through "Good FAITH" of the COURTS' to understand each Allegation stated in Said Action.

**RECORDER'S MEMORANDUM**
This Instrument is of poor quality
at the time of Imaging

I

THE PARTIES TO THIS COMPLAINT

FILED
MARILYN BURGESS
DISTRICT CLERK
HARRIS COUNTY, TEXAS
2019 MAR 27 PM 12: 46

PLAINTIFF INFORMATION:

Elijah Burke Swallow
#02756621
Harris County Sheriff's Office
1200 Baker Street
Houston, Texas 77002


DEFENDANT(S) INFORMATION:

Ed Gonzalez
Sheriff
Harris County Sheriff's Office
1200 Baker Street
Houston, Texas 77002

John Doe
Official
Harris County Sheriff's Office
1200 Baker Street
Houston, Texas 77002

John Doe
Harris County Sheriff's Office
1200 Baker Street
Houston, Texas 77002

## II
## STATE REASON FOR SUIT

1.) FAILURE TO PROTECT FROM VIOLATE ABUSE
2.) NEGLECT FOR ALLOW AN INMATE TO ABUSE ANOTHE
3.) FAILURE TO REPORT SEXUAL ASSAULT
4.) FAILURE TO ENSURE POLICIES WAS ENFORCE REGARD'S TO YOUR (ZERO TOLERANCE) LAWS

## III
## REQUEST REGARDING SUIT

Plaintiff / "PRO SE" ask with [GOOD FAITH] the court FORGIVE any MISTAKES made within this said action. Plaintiff would (also) REQUEST A [JURY TRIAL] TO PROCEED with said APPROVE CIVIL ACTION and ALL DOCUMENTATION OBTAIN ALL WHICH APPLY TO DISCOVERY.

## IV
## STATE YOUR CLAIM

The defendant parties, each and everyone, while acting in their official capacity under color of STATE LAW, and/or in their individual capacity, and in some from as compensated as paid or contracted employee(s), staff or agents, did by intentional acts, or omissions, violate the plaintiffs Constitutionally protected Rights under the 5th, 8th, 9th Amendment to the U.S. Constitution; Texas Constitution Art 1§§ 3, 5, 8 all to Plaintiff harm and detriment Each stipulation [will] be proven by a preponderance of evidence

at a (JURY TRIAL) and not before

Plaintiff avows he has suffered "IRRESPARABLE INJURY" INFLICTED upon him by (LOSS of LIBERTY in LIFE) that even monetary REPARATION can correct.

JUDICAL SYSTEM TO FILL THE POCKETS OF COURT APPOINTED COUNSEL at TAXPAYER EXPENSE.

By obtain Documentation, Plaintiss will prove that all Admistratia Remedie will be done correctly once suit became into place after submitting said CIVIC ACTION.

V

ISSUE MAKING COMPLAINT

Plaintiff should have NEVER BEEN SUBJECT AN ATTACK IN ANY WAY BY ANOTHER INMATE, IF H.C.S.O Administration. PROVIDED A SAFE ZONE FOR THOSE WHOM HAVE ALREADY SUFFER A TRAUMAZINE EVENT SIMILAR TO HIS SECOND ATTACK. PLUS, Plainiff should have been Housed into a Housing LOCATION where MEMBERS of the (LGBT FAMILY CIRCLE) instead where an area became a DANGEROUS VICTIM TO Another Sexual ABUSE only THROUGH THE HANDS of Any Inmate THIS TIME.

## VI
## RELIEF

PLAINTIFF WILL BE DEMANDING 15,000,000 MILLION DOLLAR [FIFTEEN MILLION DOLLAR] IN DAMAGES AND AWARDS IN EXCESS BY THE JURY IN THIS MATTER TO COVER ACTUAL, SPECIAL AWARD and PUNITIVE DAMAGES.

## VII
## PREVIOUS LAWSUITS

I HAVE TWO FEDERAL CIVIL RIGHTS ACTION

| November 6, 2017 | March 22, 2018 |
|---|---|
| Elijah Burke Swallow | Elijah Burke Swallow |
| VS | VS |
| Jeff Co. Corr Facility | JCCF et al. |
| EASTERN DISTRICT of TEXAS | Eastern District of Texas |
| BEAUMONT DIVISION | Beaumont Division |
| CLARK - GIBLIN | Heartfield - Hawthorn |
| STILL PENDING | STILL PENDING |
| Cause No. 1:17cv473 | Cause No. 1:18cv133 |

## VIII
## REQUEST FOR SERVICE

WHEREFORE, Plaintiff pray respectfully that court accept and granted this said motion to proceed forward as stated. I plaintiff/"PRO SE", stated that each statement are true and correct to the best of my knowledge and understand as said plaintiff can remember.

I move this Petition Forward by the Courts Approval to proceed.

OATH OF DULY SWORN STATEMENT
The Facts Stated are True and Correct as Written Throughout this Petition.

Excuted: 3-25-2019                              x Elyah Sueller

Certified Document Number: 84746674 - Page 6 of 6

ES-085

Case No. 201922593

SWALLOW, ELIJAH BURKE

vs.

GONZALEZ, ED

**DCORX**

IN THE DISTRICT COURT OF

HARRIS COUNTY, TEXAS

125th    JUDICIAL DISTRICT

Pgs-2

DCORX

## DOCKET CONTROL ORDER

The following docket control order shall apply to this case unless modified by the court. If no date is given below, the item is governed by the Texas Rules of Civil Procedure.

1.  **JOINDER.** All parties must be added and served, whether by amendment or third party practice, by this date. THE PARTY CAUSING THE JOINDER SHALL PROVIDE A COPY OF THIS DOCKET CONTROL ORDER AT THE TIME OF SERVICE.

2.  **EXPERT WITNESS DESIGNATION.** Expert witness designations are required and must be served by the following dates. The designation must include the information listed in Rule 194.2(f). Failure to timely respond will be governed by Rule 193.6.
    (a) Experts for parties seeking affirmative relief.
    (b) All other experts.

3.  **STATUS CONFERENCE.** Parties shall be prepared to discuss all aspects of the case, including ADR, with the court on this date.   TIME:
    Failure to appear will be grounds for dismissal for want of prosecution.

4.  **DISCOVERY LIMITATIONS.** The discovery limitations of Rule 190.2, if applicable, or otherwise of Rule 190.3 apply unless changed below:
    (a) Total hours per side for oral depositions.
    (b) Number of interrogatories that may be served by each party on any other party.

5.  **ALTERNATIVE DISPUTE RESOLUTION.**
    (a) By this date the parties must either (1) file an agreement for ADR stating the form of ADR requested and the name of an agreed mediator, if applicable; or (2) set an objection to ADR. If no agreement or objection is filed, the court may sign an ADR order.
    (b) ADR conducted pursuant to the agreement of the parties must be completed by this date.

6.  **DISCOVERY PERIOD ENDS.** All discovery must be conducted before the end of the discovery period. Parties seeking discovery must serve requests sufficiently far in advance of the end of the discovery period that the deadline for responding will be within the discovery period. Counsel may conduct discovery beyond this deadline by agreement. Incomplete discovery will not delay the trial.

7.  **DISPOSITIVE MOTIONS AND PLEAS.** Must be heard by oral hearing or submission.
    (a) If subject to an interlocutory appeal, dispositive motions or pleas must be heard by this date.
    (b) Summary judgment motions not subject to an interlocutory appeal must be heard by this date.
    (c) Rule 166a(i) motions may not be heard before this date.

8.  **CHALLENGES TO EXPERT TESTIMONY.** All motions to exclude expert testimony and evidentiary challenges to expert testimony must be filed by this date, unless extended by leave of court.

9.  **PLEADINGS.** All amendments and supplements must be filed by this date. This order does not preclude prompt filing of pleadings directly responsive to any timely filed pleadings.

10. 01/31/20  **DOCKET CALL**
    Parties shall be prepared to discuss all aspects of trial with the court on this date.
    TIME: **09:00 AM**   Failure to appear will be grounds for dismissal for want of prosecution.

11. 02/10/20  **TRIAL.** If not assigned by the second Friday following this date, the case will be reset.

SIGNED    Signed: 5/28/2019

AMY MAGNESS VANHOOSE
1019 CONGRESS ST FL 15
HOUSTON TX 77002-1799

24042085

1

KYLE CARTER
Judge, 125TH DISTRICT COURT
Date Generated 05/20/2019

JCVO02
rev.11202006

June 22, 2020

Elijah Burke Swallow
#2100152
Coffield Unit
2661 FM 2054
Tennesse Colony, TX
75884

United States District Court
Southern District of Texas
P.O. Box 61010
Houston, Texas 77208

United States Courts
Southern District of Texas
FILED
JUN 25 2020
David J. Bradley, Clerk of Court

To Whom This May Concern:

Plaintiff respectfully request that the Courts granted a Copy of each Document provided to this Court regarding the Filing of 42 U.S.C§ 1983; because the plaintiff is limited copies or is unable to obtain a copy machine while housed within T.D.C.J.

And also the Facility is experience many form's of Lockdown's due to the pandemic of COVID-19; and for that limited any normal moment within Facility.

Plaintiff Elijah B. Swallow, request a Motion for Appointment of Counsel.

Elijah Swallow

