United States District Court
Southern District of Texas
**ENTERED**
November 29, 2021
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ELIJAH BURKE SWALLOW, TDCJ #2100152, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. H-20-2232 |
| SHERIFF ED GONZALEZ, et al., | § § § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

State inmate Elijah Burke Swallow (TDCJ #2100152, former Harris County SPN #02756621) has filed a Prisoner's Civil Rights Complaint under 42 U.S.C. § 1983 ("Complaint")(Docket Entry No. 1), alleging that he was assaulted by another inmate while he was confined at the Harris County Jail in October of 2018. He sues Sheriff Ed Gonzalez and a "John Doe" detention officer. At the court's request, Swallow has supplemented the Complaint with Plaintiff's More Definite Statement ("Plaintiff's MDS")(Docket Entry No. 12). To further supplement the pleadings, the Harris County Attorney's Office has provided a report with administrative records under Martinez v. Aaron, 570 F.2d 317 (10th Cir. 1987)("Martinez Report") (Docket Entry No. 19).

Because Swallow is an inmate who proceeds in forma pauperis, the court is required to scrutinize the claims and dismiss the

Complaint, in whole or in part, if it determines that the Complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); see also 28 U.S.C. § 1915(e)(2)(B). After considering all of the pleadings and the applicable law, the court concludes that this case must be dismissed for the reasons explained below.

## I. Background

Swallow is currently incarcerated in the Texas Department of Criminal Justice ("TDCJ") as the result of a conviction for aggravated robbery with a deadly weapon that was entered against him on October 25, 2019, in Harris County Case No. 144978901010.[1] The incident that forms the basis of Swallow's Complaint occurred on October 19, 2018, while Swallow was confined in the Harris County Jail as a pretrial detainee.[2] The incident, in which

---

[1] See Texas Department of Criminal Justice - Offender Details, available at https://offender.tdcj.texas.gov (last visited Nov. 26, 2021). Records from TDCJ reflect that Swallow has several other previous convictions for robbery (two convictions from Orange County and Jefferson County in 2014), assault on a public servant (Navarro County in 2008), harassment (three convictions from Navarro County in 2008), and failure to comply with sex offender registration requirements (two convictions from Jefferson County in 2010). See id.

[2] Complaint, Docket Entry No. 1, p. 4. Swallow states that he is unable to provide the exact date for the "Life Changing Event" that forms the basis for his Complaint. See Plaintiff's MDS, Docket Entry No. 12, p. 5. Records provided by the Harris County Attorney's Office reflect that the incident occurred on October 19, 2018. See Martinez Report, Exhibit A, Significant Event Bulletin, Case #2018-10-19-12184, Docket Entry No. 19-1, p. 10.

Swallow claims that he was assaulted by another inmate, is described briefly below.

Swallow noticed that another inmate in his cellblock was "looking" at him while Swallow was out of his cell, helping to clean the dormitory.³ Swallow told the inmate, who Swallow does not name, to "stay away" from him because he was "not interest[ed] in him."⁴ A week later, Swallow claims that the inmate entered his cell after Swallow had returned from the shower.⁵ The other inmate then began to masturbate while fondling Swallow's anus.⁶ The inmate, who left before doing anything else, threatened to kill Swallow if he reported the assault or if "anyone found out."⁷

On the same morning that the assault occurred, Swallow reported the incident to a detention officer who is identified as "Defendant John Doe."⁸ The officer told Swallow to return to his cell and lock the door while he completed a report about assault.⁹ Swallow contends that the officer "neglected his duty" to immediately report the incident in compliance with a Harris County

---

³Complaint, Docket Entry No. 1, p. 7.

⁴Id.

⁵Id.

⁶Id. at 7-8.

⁷Id. at 8.

⁸Id.

⁹Id.

Sheriff's Office policy that was designed to implement the Prison Rape Elimination Act ("PREA") and that this failure to act exposed Swallow to risk of further assault by the inmate who fondled him.[10] With assistance from other inmates, Swallow then submitted an "I-60" to alert officers of the abuse.[11] Swallow was removed from the dorm during the next shift "by protocol of (PREA) regulation."[12]

Swallow was transferred from the Harris County Jail to TDCJ after he was convicted in 2019.[13] In a Complaint that is dated June 22, 2020, Swallow now sues Harris County Sheriff Ed Gonzalez for failing to protect him in October of 2018 "from being sexual[ly] abuse[d] by another offender."[14] Swallow also sues the officer identified as Defendant John Doe for failing to comply with Harris County policy by promptly reporting the incident immediately after Swallow disclosed the assault.[15] Invoking 42 U.S.C. § 1983, Swallow seeks compensatory and punitive damages from both defendants.[16]

---

[10] Id. at 8-9.

[11] Id. at 9.

[12] Id.

[13] Plaintiff's MDS, Docket Entry No. 12, p. 2, response to Question 1.

[14] Complaint, Docket Entry No. 1, p. 3.

[15] Id.

[16] Id. at 4.

## II. **Standard of Review**

Federal district courts are required by the Prison Litigation Reform Act ("PLRA") to screen prisoner complaints to identify any cognizable claims or dismiss the case if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. See Crawford-El v. Britton, 118 S. Ct. 1584, 1596 (1998) (summarizing provisions found in the PLRA, including the requirement that district courts screen prisoners' complaints and summarily dismiss frivolous, malicious, or meritless actions); see also Coleman v. Tollefson, 135 S. Ct. 1759, 1761-62 (2015) (discussing the screening provision found in the federal in forma pauperis statute, 28 U.S.C. § 1915(e)(2), and reforms enacted by the PLRA that were "'designed to filter out the bad claims [filed by prisoners] and facilitate consideration of the good'") (quoting Jones v. Bock, 127 S. Ct. 910, 914 (2007))(alteration in original).

A complaint is frivolous if it "'lacks an arguable basis either in law or in fact.'" Denton v. Hernandez, 112 S. Ct. 1728, 1733 (1992) (quoting Neitzke v. Williams, 109 S. Ct. 1827, 1831 (1989)). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." Harper v. Showers, 174 F.3d 716, 718 (5th Cir. 1999) (citations and internal quotation marks omitted). "A complaint lacks an arguable basis in fact if, after providing the

plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." Talib v. Gilley, 138 F.3d 211, 213 (5th Cir. 1998)(citation omitted).

To avoid dismissal for failure to state a claim, the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level[.]" Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007) (citation omitted). If the complaint has not set forth "enough facts to state a claim to relief that is plausible on its face," it must be dismissed. Id. at 1974. In making this determination a reviewing court must "accept all well-pled facts as true, construing all reasonable inferences in the complaint in the light most favorable to the plaintiff." Heinze v. Tesco Corp., 971 F.3d 475, 479 (5th Cir. 2020). But it need not accept as true any "conclusory allegations, unwarranted factual inferences, or legal conclusions." Id. (internal quotation marks and citations omitted); see also White v. U.S. Corrections, LLC, 996 F.3d 302, 307 (5th Cir. 2021) (same). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Twombly, 127 S. Ct. at 1965).

The plaintiff represents himself in this case. Courts are required to give a pro se litigant's contentions a liberal construction. See Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007)

(per curiam) (citation omitted); see also Haines v. Kerner, 92 S. Ct. 594, 595-96 (1972) (per curiam) (noting that allegations in a pro se complaint, however inartfully pleaded, are held to less stringent standards than formal pleadings drafted by lawyers). Even under this lenient standard, pro se litigants are still required to "properly plead sufficient facts that, when liberally construed, state a plausible claim to relief[.]" E.E.O.C. v. Simbaki, Ltd., 767 F.3d 475, 484 (5th Cir. 2014) (citations omitted).

### III.  Discussion

#### A.  Supervisory Liability

Swallow sues Sheriff Gonzalez in his capacity as a supervisory official in charge of the Harris County Sheriff's Office, which operates the Harris County Jail.[17] A public official cannot be held vicariously liable under 42 U.S.C. § 1983 for the conduct of those under his supervision. See Alderson v. Concordia Parish Correctional Facility, 848 F.3d 415, 419 (5th Cir. 2017) (citing Mouille v. City of Live Oak, 977 F.2d 924, 929 (5th Cir. 1992)). Supervisory officials are accountable for their own acts of deliberate indifference and for implementing unconstitutional policies that causally result in injury. Id. To establish supervisory liability under § 1983 a plaintiff must allege either

---

[17]Complaint, Docket Entry No. 1, p. 3; Plaintiff's MDS, Docket Entry No. 12, pp. 13-14, response to Question 9.

that the official personally participated in acts that caused a constitutional deprivation or implemented unconstitutional policies causally related to his injuries. See Alderson, 848 F.3d at 421 (citing Mouille, 977 F.2d at 929).

Swallow does not allege facts showing that Sheriff Gonzalez was personally involved in the incident referenced in his pleadings. Likewise, as discussed further below, Swallow does not allege facts establishing that a constitutional violation occurred or that he is entitled to recover damages due to the existence of a constitutionally deficient policy attributable to Sheriff Gonzalez. See Thompkins v. Belt, 828 F.2d 298, 303-04 (5th Cir. 1987). Accordingly, the Complaint against Sheriff Gonzalez must be dismissed for failure to state a claim.

**B.    Failure to Protect from Harm**

Swallow contends that Sheriff Gonzalez is liable for failing to protect him from sexual abuse by another inmate.[18] Pretrial detainees have a constitutional right under the Due Process Clause to protection from harm during their confinement. See Brumfield v. Hollins, 551 F.3d 322, 327 (5th Cir. 2008) (citing Hare v. City of Corinth, 74 F.3d 633, 650 (5th Cir. 1996) (en banc)). The duty to protect pretrial detainees from harm under the Due Process Clause is the same as the one afforded to convicted prisoners under the

---

[18]Complaint, Docket Entry No. 1, p. 3.

Eighth Amendment. See Hare, 74 F.3d at 650 ("[T]he State owes the same duty under the Due Process Clause and the Eighth Amendment to provide both pretrial detainees and convicted inmates with basic human needs, including . . . protection from harm, during their confinement."). To state a claim in this context a plaintiff is required to establish that the defendant "'acted or failed to act with deliberate indifference to [his] needs.'" Shepherd v. Dallas County, 591 F.3d 445, 452 (5th Cir. 2009) (quoting Hare, 74 F.3d at 648); see also Alderson, 848 F.3d at 419-20 (explaining that in an action based on "episodic acts or omissions," a pretrial detainee must show "subjective deliberate indifference by the defendants") (citation omitted).

The deliberate indifference standard is an "extremely high" one to meet. Domino v. Texas Dep't of Criminal Justice, 239 F.3d 752, 756 (5th Cir. 2001). Mere negligent failure to protect an inmate from attack does not justify liability under 42 U.S.C. § 1983. See Neals v. Norwood, 59 F.3d 530, 533 (5th Cir. 1995). An official acts with deliberate indifference "only if he knows that the inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." Farmer v. Brennan, 114 S. Ct. 1970, 1984 (1994).

Swallow, who has described the assault with detail, does not allege facts showing that Sheriff Gonzalez or any other official at the Jail knew that he faced a substantial risk of serious harm from

the inmate who assaulted him on the day in question.[19] Swallow acknowledges that the inmate made no threats and that he did not report any concerns before the assault occurred.[20] Swallow does not otherwise allege that Sheriff Gonzalez or any other official was subjectively aware of but disregarded a serious risk to his safety before the assault occurred. Under these circumstances Swallow does not demonstrate that Sheriff Gonzalez or other officials at the Jail failed to protect him from harm with the requisite deliberate indifference. See Legate v. Livingston, 822 F.3d 207, 209-10 (5th Cir. 2016); Coleman v. Sweetin, 745 F.3d 756, 763 (5th Cir. 2014); Pierce v. Collier, 843 F. App'x 619, 620 (5th Cir. April 9, 2021) (per curiam). Therefore, Swallow has failed to state a claim on which relief may be granted against Sheriff Gonzalez.

### C. Failure to Comply with Policy

Swallow contends that the John Doe Defendant referenced in his Complaint is liable for failing to comply with a policy in place at the Harris County Jail, which requires detention officers to report instances of sexual assault or abuse.[21] The Fifth Circuit has made

---

[19]Complaint, Docket Entry No. 1, pp. 7-8; Plaintiff's MDS, Docket Entry No. 12, pp. 6-7, response to Question 4(d).

[20]Plaintiff's MDS, Docket Entry No. 12, pp. 9-10, response to Questions 5 and 6.

[21]Complaint, Docket Entry No. 1, pp. 8-9.

it clear, however, that an officer's mere failure to follow prison policy or regulations does not establish a constitutional violation for purposes of liability under 42 U.S.C. § 1983. See Williams v. Banks, 956 F.3d 808, 812 & n. 11 (5th Cir. 2020)("Our case law is clear . . . that a prison official's failure to follow the prison's own policies, procedures[,] or regulations does not constitute a violation of [the Eighth or Fourteenth Amendment], if constitutional minima are nevertheless met.").

Although Swallow appears to fault the John Doe Defendant for delay, he acknowledges that the assault was reported the same day that it occurred and that he was removed from the dorm by the next shift.[22]  He was then treated according to the PREA protocol at the Jail.[23]

Records provided by the Harris County Attorney's Office confirm that an investigation commenced on October 19, 2018, when officers were informed that Swallow had reported a sexual assault by another inmate.[24]  According to those records, Swallow reported that he was sexually assaulted by an inmate identified as Bobby Joe "Fergunsn [sic]," also known as Bobby Joe Ferguson ("Ferguson")(SPN

---

[22] Id. at 9.

[23] Id.

[24] Martinez Report, Exhibit A, Significant Event Bulletin, Case #2018-10-19-12184, Docket Entry No. 19-1, p. 10; Detention Command - Inmate Offense Report 2018-58986 701, Docket Entry No. 19-1, p. 11.

#00302152).[25]  Swallow was treated in the Jail medical clinic that same day, where he denied any "penetration or physical trauma," but alleged that he was sexually assaulted that morning when another inmate (Ferguson) molested him.[26]  Swallow, who had a history of mental illness, was transferred to a local emergency room for a physical and mental evaluation.[27]

The available records show that the assault was reported by officers at the Jail and that Swallow was relocated after being examined by medical providers the same day the assault occurred.[28] Swallow acknowledges that he was removed from the dormitory where his assailant was confined on the same day.[29]  Swallow does not allege facts showing that he suffered any further harm from his attacker.  Under these circumstances, Swallow does not demonstrate that Defendant John Doe acted or failed to act in a manner that violated the Constitution.  Therefore, Swallow's claim against the John Doe Defendant will be dismissed.  Because Swallow has been

---

[25] Id.

[26] Martinez Report, Exhibit C, Harris County Sheriff's Office Health Services, Triage Notes, Docket Entry No. 19-3, pp. 96, 97.

[27] Id. at 99.

[28] Id. at 96-97, 99; Martinez Report, Exhibit A, Grievance Resolution Form, Inmate Grievance Board, Grievance #209828, Docket Entry No. 19-1, p. 1; Significant Event Bulletin, Case #2018-10-19-12184, Docket Entry No. 19-1, p. 10; Detention Command - Inmate Offense Report 2018-58986 701, Docket Entry No. 19-1, pp. 11-14.

[29] Complaint, Docket Entry No. 1, p. 9.

afforded an opportunity to supplement his pleadings and has not established a valid claim, this action will be dismissed with prejudice.[30]

### III. Conclusion and Order

Based on the foregoing, the court **ORDERS** as follows:

1. The Complaint for Violation of Civil Rights under 42 U.S.C. § 1983 filed by Elijah Burke Swallow (Docket Entry No. 1) is **DISMISSED with prejudice**.

2. The dismissal will count as a strike for purposes of 28 U.S.C. § 1915(g).

3. Swallow's Motion for an Order Compelling Disclosure or Discovery (Docket Entry No. 21) is **DENIED**.

**The Clerk is directed to provide a copy of this Memorandum Opinion and Order to the plaintiff. The Clerk will also provide a copy to the Three Strikes List at Three_Strikes@txs.uscourts.gov.**

**SIGNED** at Houston, Texas, on this the 29th day of November, 2021.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE

---

[30]Swallow has filed a Motion for an Order Compelling Disclosure or Discovery (Docket Entry No. 21). The Motion does not include a certificate of service showing that Swallow provided a copy to the Harris County Attorney's Office. Therefore, Swallow's Motion for an Order Compelling Disclosure or Discovery (Docket Entry No. 21) will be denied.